UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| WAYLON FARRIS CAMPBELL | } | CASE NO. 14-80988-JAC-7 |
| SSN: XX-XX-1181 | } | |
| | } | CHAPTER 7 |
| Debtor(s). | } | |
| | } | |
| KRISTI LOGGINS HOLDBROOKS | } | AP NO. 14-80037-JAC-7 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| WAYLON FARRIS CAMPBELL | } | |
| | } | |
| Defendant(s). | } | |

**MEMORANDUM OPINION**

On July 21, 2014, this case came before the Court for hearing on pre-trial and on defendant's motion to dismiss. On June 6, 2014, plaintiff filed an adversary proceeding against the defendant pursuant to 11 U.S.C. § 523(a)(6) and § 727. On June 13, 2014, plaintiff filed an amended complaint to reflect the correct style of the case. The deadline to object to debtor's discharge or to challenge the dischargeability of certain debts was July 14, 2014. The grounds asserted in support of plaintiff's amended complaint are set forth in verbatim as follows:

1. That the Debtor was involved in an automobile accident on or about November 2, 2007, with Kristi Loggins Holdbrooks.

2. That a judgment was entered against Debtor on or about December 27, 2012 in the amount of $50,000, for Debtor's wantonness in causing the injuries a basis of the suit filed in the Circuit Court of Jefferson County, Alabama, CV-2009-90352.

3. Pursuant to title 11, section 523(a)(6), Debtor's actions were willful and malicious, causing Creditor's injury.

Wherefore, the premises considered, Creditor, respectfully requests that her debt in the amount of $50,000.00, be determined by this Court to be non-dischargeable pursuant to section 523(a)(6), title 11 of the <u>United States Code</u>, and said Creditor respectfully requests that this Honorable Court will enter an Order relieving said Creditor from the automatic stay of the Court and allowing her to proceed through routine collection procedures against the Debtor. Furthermore, Creditor respectfully requests that, pursuant to section 727, title 11 of the <u>United States Code</u>, Debtor be denied a discharge and his case be dismissed.

At the hearing on defendant's motion to dismiss, counsel for plaintiff conceded that the judgment at issue is a default judgment. The plaintiff did not attach a copy of the state court complaint to the adversary proceeding filed in this Court. The adversary proceeding does not plead with any further specificity the facts surrounding the 2007 automobile accident, nor the injuries suffered by the plaintiff. Based only on the allegations set forth above in paragraphs 1-3, the plaintiff asserts that the default judgment is nondischargeable pursuant to § 523(a)(6).

Plaintiff further "requests, that, pursuant to section 727, title 11 of the United States Code, Debtor be denied a discharge and his case be dismissed." Plaintiff asserts no additional facts in support of her request for denial of the defendant's discharge and dismissal, nor even the specific § 727 subsection under which plaintiff seeks to deny the defendant's discharge.

After reviewing the motion to dismiss and the amended complaint, the Court finds that the complaint is due to be dismissed for failure to state a claim upon which relief can be granted. Under FED. R. CIV. P. 8(a)(2), a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[1] To survive a motion to dismiss, a complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

face.'"[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

When considering a motion to dismiss, a court must assume as true the facts alleged in a complaint, but the court does not have to assume legal conclusions as true.[4] A simply recitation of the elements of a cause of action in the "unadorned, the-defendant-unlawfully-harmed-me" manner will not suffice.[5]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."[6] The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[3] *Ashcroft v. Iqbal*, 556 U.S. at 678; *See also Lubin v. Skow (In re Integrity Bancshares, Inc.)*, 382 Fed. Appx. 866, 871 (11th Cir. 2010).

[4] *Ashcroft v. Iqbal*, 556 U.S. at 679-680.

[5] *Lubin v. Skow (In re Integrity Bancshares, Inc.)*, 382 Fed. Appx. 866, 873 (11th Cir. 2010).

[6] *In re Twombly,* 550 U.S. at 555.

[7] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[8] *Ashcroft v. Iqbal*, 556 U.S. at 678.

3

Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."[9] To except a debt from discharge under § 523(a)(6) as one for debtor's "willful and malicious injury," a plaintiff must demonstrate that the injury itself is "willful," in the sense of being deliberate or intentional, and not just the act leading to injury. In *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57 (1998), the Supreme Court explained that the word "willful" modifies the word "injury" indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. The Eleventh Circuit has held that "a debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury."[10] An injury is 'malicious' within the meaning of § 523(a)(6) when the debtor "commits an act that is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'"[11] "To establish malice, a showing of specific intent to harm another is not necessary."[12]

Here, the plaintiff alleges that the default judgment entered against debtor on or about December 27, 2012 in the amount of $50,000 for defendant's "wantonness" in causing the injuries arising from an automobile accident is nondischargeable pursuant to § 523(a)(6). The Court finds, that the conclusory allegation that a default judgment entered against the defendant for wantonness

---

[9] 11 U.S.C. § 523(a)(6).

[10] *Kane v. Stewart Tilghman Fox & Bianchi PA, (In re Kane)*, 2014 WL 2884603 (11th Cir. 2014)(*quoting In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012)).

[11] *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008)(*quoting In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989)).

[12] *In re Kane*, 2014 WL 2884603 at *7.

4

in causing injuries arising from an automobile accident, without any further factual allegations in support thereof, is not sufficient to create a plausible claim for relief that the defendant's actions were willful and malicious under § 523(a)(6).

As an initial matter, the Court notes that a default judgment is not entitled to collateral estoppel in nondischargeability proceedings. As explained by the Alabama Supreme Court in *Malfatti v. Bank of Am.*, 99 So.3d 1221, 1224-1225 (Ala. 2012), the doctrine of collateral estoppel or issue preclusion applies to nondischargeability proceedings under § 523(a) and a prior state court judgment entered by default is not given issue-preclusive effect in nondischargeability proceedings "because a default judgment, by its very nature, cannot satisfy the requirement that the issue has been 'actually litigated' in a prior action."

Even had the parties actually litigated the issue of wantonness in state court for purposes of collateral estoppel, a finding of wantonness under Alabama law will not necessarily support a claim for nondischargeability under § 523(a)(6). Under Alabama law, wantonness is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others."[13] In *Smith v. Golatte (In re Golatte)*, 2011 WL 3862210 (Bankr. M.D. Ala. 2011), the bankruptcy court held that a plaintiff's claim was not excepted from discharge by § 523(a)(6) where the debtor recklessly made a sudden u-turn that caused an accident severely injuring the plaintiff and killing another individual. The plaintiff obtained a state court judgment against the debtor which included an award of punitive damages for wantonness.

After the debtor filed for bankruptcy, the plaintiff filed a complaint asserting that his claim was excepted from discharge pursuant to § 523(a)(6). The bankruptcy court found that the state court

---

[13] ALA. CODE § 6-11-20(b)(3).

5

judgment predicated on wantonness was not entitled to collateral estoppel for purposes of § 523(a)(6) because punitive damages may be awarded for merely "reckless" conduct under Alabama law. A finding of wantonness does not necessarily reflect a determination that the defendant committed an intentional act, the purpose of which was to cause injury or which was substantially certain to cause injury.[14] Although the evidence in *Golatte* revealed that the debtor, for very frivolous reasons, engaged in grossly negligent and reckless behavior thereby endangering the lives around her, there was no evidence that the debtor had any prior association with the plaintiff, nor that the debtor intended to injure the plaintiff or knew with substantial certainty that her actions would result in injury.

Here, the plaintiff has likewise failed to plead sufficient factual allegations to support a finding under § 523(a)(6) that the defendant intended to injure the plaintiff or knew with substantial certainty that his actions would injure the plaintiff. The complaint is completely devoid regarding the facts surrounding the 2007 accident. Thus, the Court finds that the plaintiff has failed to plead sufficient facts to state a claim to relief that is plausible on its face under § 523(a)(6). The complaint fails to contain sufficient factual allegations to raise a right to relief above the speculative level. As the Supreme Court and Eleventh Circuit have both held, a mere recitation of the law or the elements of a cause of action will not suffice. Moreover, a default judgment based on wantonness does not necessarily support a cause of action for nondischargeability under § 523(a)(6) because a state court judgment predicated on wantonness may be awarded for mere "reckless" conduct under Alabama

---

[14] *Smith v. Golatte (In re Golatte)*, 2011 WL 3862210 (Bankr. M.D. Ala. 2011)(refusing to apply the doctrine of collateral estoppel on the issue of whether debtor intended injury for purposes of § 523(a)(6)).

6

Case 14-80037-JAC   Doc 16   Filed 07/23/14   Entered 07/23/14 09:29:49   Desc Main
Document      Page 6 of 7

law. Thus, the factual allegations in the amended complaint, taken as true, fail to state a claim for relief under § 523(a)(6) that is plausible on its face.

Likewise, the Court finds that the complaint fails to plead sufficient facts to state a claim supporting the denial of the defendant's discharge under § 727 and dismissal of the defendant's case that is plausible on its face. The complaint stated absolutely no facts in support of a § 727 action that would entitle the plaintiff to the relief requested. The plaintiff has failed to plead any factual content that would allow the court to draw the reasonable inference that the defendant's discharge is due to be denied and his case dismissed based on a prepetition automobile accident and a default judgment. Therefore, the plaintiff's cause of action under § 727 is dismissed.

Based upon the foregoing, the Court finds that the plaintiff has failed to set forth sufficient grounds to support her claims for nondischargeability and denial of discharge.

A separate order dismissing the above styled complaint, with prejudice, will be entered consistent with this opinion.

Done and Entered this day July 23, 2014

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge